JOHN EASTMAN, as Administrator of the Estate of SANDRA
    EASTMAN, Deceased, Respondent, *v.* STATE OF NEW YORK,
    Appellant. (Claim No. 29036.)
JOHN EASTMAN, as Administrator of the Estate of SHARON
    EASTMAN, Deceased, Respondent, *v.* STATE OF NEW YORK,
    Appellant. (Claim No. 29037.)
MELVIN EASTMAN, an Infant, by JOHN EASTMAN, His Guardian
    ad Litem, Respondent, *v.* STATE OF NEW YORK, Appellant.
    (Claim No. 29038.)
WILLIAM EASTMAN, an Infant, by JOHN EASTMAN, His Guardian
    ad Litem, Respondent, *v.* STATE OF NEW YORK, Appellant.
    (Claim No. 29039.)

Third Department, March 7, 1951.

*Nathaniel L. Goldstein, Attorney-General* (*Wendell P. Brown, Solicitor-General* and *Henry S. Manley* of counsel), for appellant.

*John LoPinto* for respondents.

HEFFERNAN, J. On the morning of April 9, 1948, Ethel Eastman was driving her husband's automobile from her home in South Lansing, Tompkins County, New York, towards Ithaca, New York, southerly along New York State Route 34. She was accompanied by her four minor children. Route 34 is intersected on the west by a highway known as Cayuga Street Extension. At that intersection Route 34 turns to the west and proceeds into Ithaca. At the intersection the concrete road proceeds straight ahead and continues into the business section of Ithaca by what is known as the "Lake Road". Route 34 was constructed in 1931, running north-south, straight through the intersection. In 1942, it was rerouted to turn at the intersection instead of coming south through it. This rerouting was a decision of the Legislature now embodied in section 341 of the Highway Law, where the rerouting over Cayuga Street is described. In 1942, Cayuga Street Extension was designated as New York State Route 34 extending west of the intersection.

For several years prior to 1944, at the southwest corner of the intersection, the State maintained a " stop " sign facing westerly to halt traffic on the Cayuga Street Extension before it entered the intersection from the west. In 1944, this " stop " sign was removed by the State. The State Traffic Commission ordered the sign removed after a traffic survey of the intersection. The stop sign was never replaced.

As the Eastman car approached this intersection, it was the intention of the operator to drive straight through it. At that time a truck owned by the County of Tompkins and driven by an employee named, Tomlinson, was approaching the intersection from the west on Cayuga Street Extension and moving towards Route 34 at the intersection. Apparently, the driver of the Eastman car did not bring her vehicle to a stop and as a result, a collision occurred between that car and the truck. Both Mrs. Eastman and Tomlinson were familiar with this intersection and the Court of Claims found that both were guilty of negligence. As a result of the collision, two of the Eastman children were killed and the other two were seriously injured. Thereafter, John Eastman, as the administrator of the two deceased children, instituted actions against the State for the recovery of damages on the theory and on the claim that the State was guilty of negligence. The two infants who were injured, by their father as guardian ad litem, instituted like actions against the State for the recovery of damages for their personal injuries.

Certainly, the State is not chargeable with negligence because the Legislature decided to reroute the highway in question. The Court of Claims made a finding that " The intersection, as constructed and maintained by the State of New York, was on and prior to April 9, 1948, an unreasonably dangerous intersection." The sole claim of negligence here is that the State maintained the intersection in a dangerous condition in that it failed to maintain and provide stop signs, warning signals or devices, or any traffic control at the intersection. The elimination of the stop sign at this intersection represented the deliberate determination of the State Traffic Commission. That commission is a body with expert qualifications, empowered to place and remove traffic control signals along State highways in its judgment and discretion. (Vehicle and Traffic Law, §§ 95–95-d.) One of its duties is to maintain a continuous survey of traffic conditions on the public highways of the State (§ 95-g, subd. 3). Its orders are reviewable as provided in article 78 of the Civil Practice Act (§ 95-i). Respondents argue that the

determination to remove this stop sign was arbitrary and capricious and constituted negligence. If we were reviewing the commission's order under article 78 of the Civil Practice Act, we would not be justified in annulling it on the ground that it was either arbitrary or capricious. We think, therefore, that the State cannot be charged with negligence in failing to provide a stop sign at this intersection. Respondents are relying on *Nuss* v. *State of New York* (195 Misc. 38, revd. 276 App. Div. 300, revd. 301 N. Y. 768). That case has no bearing upon the question before us. There the State Traffic Commission had directed that a stop sign be placed and it was so placed. The State's liability rested upon a claim that the State's employees had permitted vegetation to grow up and obscure the sign in violation of the provisions of section 95-d of the Vehicle and Traffic Law, which provides that such a sign must be plainly visible from a distance of fifty feet. No question of discretionary function was involved in that case. There is nothing in this record to indicate that the dangers of this intersection would be lessened by a stop sign or that this particular accident would be prevented by one. This is a typical case of a collision of motor vehicles by reason of negligence of the two operators.

The judgments should be reversed on the law and facts and the claims dismissed, but under the circumstances, without costs.

FOSTER, P. J., BREWSTER, BERGAN and COON, JJ., concur.

The court hereby reverses findings " 32 ", " 33 ", " 44 ", " 46 ", " 51 " and " 52 " contained in the court's decision. The court also reverses claimants' requests which were found by the court below, numbered, " 26 ", " 28 ", " 52 ", " 56 ", " 57 ", " 58 " and " 59 ". The court hereby annuls and disapproves of conclusions of law numbered " I " to " V " inclusive, contained in the court's decision. The court also annuls and disapproves of conclusions of law numbered " IV ", " XV ", " XVI ", " XVII " and " XVIII " contained in the claimants' requests to find. The court hereby finds the State's requests to find numbered " 21 ", " 22 ", " 23 ", "26 ", " 27 ", " 28 ", " 48 ", " 50 ", " 51 ", " 52 ", " 60 ", " 61 " and " 62 ". The court also approves of and adopts conclusions of law contained in the State's requests to find, numbered, " I ", " II " and " V ".

Judgments reversed on the law and facts and claims dismissed, without costs.